

# Fourth Court of Appeals
## San Antonio, Texas

May 28, 2015

No. 04-14-00363-CV

Augustine **NWABUISHI**, Rose Nwabuishi, Resource Health Services, Inc dba Resource Home Health Services, Inc. and Resource Care Corp.,
Appellants

v.

Dana D. **MOHAMMADI**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-05341
Honorable Solomon Casseb, III, Judge Presiding

## O R D E R

Appellants filed a notice of appeal with regard to the trial court's May 5, 2014 order, which appointed a receiver, compelled discovery, and required appellants to immediately turn over assets identified therein until a January 1, 2014 judgment rendered by the United States District Court for the Western District of Texas was paid in full. As set out below, it appears some of the issues raised by appellant on appeal may be moot.

After the trial court rendered its May 5, 2014 order, Nwabuisi filed in the trial court a "Motion to Set Aside Turnover Order and For Sanctions." Thereafter, apparently in response to the complaints raised in appellants' motion, appellee filed an amended and supplemental application for turnover relief and appointment of receiver. Despite the filing of the amended/supplemental application, on May 21, 2014, appellants filed a notice of appeal, stating they desired to appeal from the May 5, 2014 order. On appeal, appellants contend, among other things, they were not given the minimum three-day notice of the hearing on appellee's original application as required by Rule 695 of the Texas Rules of Civil Procedure and there is no evidence to support the May 5, 2014 order.[1]

---

[1] Appellants also contend the trial court's May 5, 2014 order was erroneous because the federal court judgment was not final because it did not dispose of the issue of attorney's fees. However, the Supreme Court has held that a decision on the merits is a final decision even if the award of amount of attorney's fees remains to be determined. *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs*, __ U.S. __, 134 S.Ct. 773, 777 (2014).

A hearing on appellee's amended and supplemental application was set for June 6, 2014, and subsequently reset for August 20, 2014. Finally, on August 26, 2014, the trial court rendered a second order, which like the first order, appointed a receiver and ordered appellants to turn over the assets to pay the federal court judgment. Appellants filed their brief in this court on November 4, 2014. Thereafter, on November 6, 2014, the trial court held a hearing on the appellee's Application to Close Receivership. At the hearing, the trial court verbally ordered the receivership closed and discharged the receiver because the January 1, 2014 judgment had been paid in full. The trial court rendered a written order closing the receivership and discharging the same day.

Given that: (1) appellee filed an amended/supplemental application with regard to the receivership and request for turnover relief, supplanting the relief original sought; and (2) the trial court rendered an order on the amended/supplemental application and thereafter closed the receivership, it appears the issues relating to lack of notice of the original hearing and a lack of evidence to support the May 5, 2014 order are moot. Accordingly, we **ORDER** appellants to show cause in writing on or before **June 29, 2015** why this court should not dismiss as moot the issues relating to the lack of notice of the original hearing resulting in the May 5, 2014 order and the lack of evidence supporting that order.

We **order** the clerk of this court to serve a copy of this order on all counsel.

**PER CURIAM**

Attested to: _____

Keith E. Hottle
Clerk of Court